## Village of Sorento v. Margaret Johnson.

1.  NEGLIGENCE—*Notice to Municipal Authorities.*—In an action for injuries received by reason of a defective sidewalk, the defect (a loose board) had existed for some time and was known to one member of the village board. It appeared that upon discovering the defect the member of the board nailed the board down, but the stringers were insufficient to hold it. *It was held* that the jury were justified in finding that the walk at the place of the accident was out of repair, and that such fact was known to the authorities.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Pond County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

*Plaintiff's second instruction referred to in the opinion of the court:*

The jury are instructed that the defendant is bound to use reasonable care and precaution to keep and maintain its streets and sidewalks in good and sufficient repair, and to render them reasonably safe for all persons passing on or over the same, and if the jury believe from the evidence that the defendant failed to use all reasonable care and precaution to keep its sidewalks in such repair, and that the injury complained of resulted from that cause, as charged in the declaration, and that the plaintiff sustained damage thereby, without negligence or want of care on plaintiff's part, then she is entitled to recover in this suit.

## STATEMENT OF THE CASE.

The appellee, on the 7th day of November, 1891, in company with her daughter, was passing along the east side of Main street in the village of Sorento, when the daughter stepped on a board in the walk, which flew up, tripped the appellee, causing her to fall, whereby she was seriously injured. The declaration contained two counts, the first alleging the unsafe condition of the walk, and that it was negligently allowed so to remain by the village authorities; the second alleging the improper construction of the walk. It appears from the evidence offered under the first count that a board or boards at or very near the place of the accident had for some time before and up near to the time of the accident been observed to be loose; that it had been loose for about a month; that persons had tripped on it. One of the members of the village board, who was at the time a member of the street and alley committee, testified that about two weeks before the accident he saw a Mrs. Moss trip on a loose board at this place, and also saw the appellee trip and fall, after each time he had nailed the board down. He testified that the trouble was, the stringers were in such condition that they would not hold the nails. The verdict was for the sum of $600.

C. E. COOK, attorney for appellant.

Village of Sorento v. Johnson.

WM. H. DAWDY, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
The points made by appellant's counsel in his argument
are, first, that the judgment is not sustained by the evidence;
second, that the verdict is excessive; third, that there was
error in giving the second instruction for appellee and in re-
fusing instructions A, B and C, offered by the appellant.
The statement of facts show the boards in the walk at the
place of this accident had occasionally been loose for some
time, which was known to at least one member of the vil-
lage board. While it is true the boards so discovered to be
loose by such member were immediately nailed down again,
yet the evidence tends sharply to show that the stringers
were insufficient to hold the nails. The jury were justified
in finding that the walk at the place of the accident was out
of repair, and that such fact was known to the authorities.
If so, the village was negligent and liable for an injury aris-
ing to a person therefrom, if such person at the time was in
the exercise of ordinary care. There is no claim made in
the argument that the appellee was not in the exercise of
such care. She was proceeding along the walk in the usual
way and without knowledge that the board was loose, when
one end tripped her, causing a hard fall. The evidence
shows that her limb was swollen and bruised, and that she
has to wear a support for her knee. If the evidence of ap-
pellee is to be believed, and it is not attacked, she received
quite serious injuries, and the verdict was not excessive.
There was no error in giving the second instruction in be-
half of appellee. It laid down the law that appellant was
required to use all reasonable care and precaution to keep its
sidewalks in a reasonably safe condition for persons to pass
over the same. The word "*all*" might have been properly
omitted, but to use it was not error. The instructions A
and C, offered on behalf of appellant and refused by the
court, were embodied substantially in other instructions
given on its behalf.

There was no evidence to support instruction B, which

was to the effect that the village was not liable for damages arising from a loose board, which was wrongfully loosened by some person without the consent of the authorities and of which the authorities had no notice. There was evidence tending to show that boys were playing with a board already loose, not that they had loosened it. The instruction was also misleading, as the jury might have made it apply to the daughter stepping on the board and loosening it, in which case, although the stringer was insufficient to hold a nail, the jury would have been required to find for the defendant. It also ignored the issue presented by the second count of the declaration, as to the improper construction of the walk. There being no material error in record, the judgment is affirmed.